Present: JOSEPH M. McLAUGHLIN and ROBERTA. KATZMANN, Circuit Judges, EDWARD R. KORMAN, District Judge.*
SUMMARY ORDER
Plaintiff-Appellant appeals from a judgment of the United States District Court for the District of Connecticut (Dorsey, J.) dated October 30, 2008, granting the Defendants-Appellees’ motion for summary judgment. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review a district court’s grant of a motion for summary judgment de novo, resolving all ambiguities and drawing all reasonable inferences in favor of the non-movant. See Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir.1999). Summary judgment is appropriate only where the parties’ submissions “show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed. R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This Court has emphasized that “trial courts must be especially chary in handing out summary judgment in discrimination cases.” Chert-kova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 87 (2d Cir.1996).
The federal Equal Pay Act (“the EPA”) prohibits the payment of unequal wages to employees on the basis of sex. 29 U.S.C. § 206(d)(1).** Under the EPA a plaintiff must first establish that (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work in positions requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions. Belfi, 191 F.3d at 135. Once the plaintiff has established a prima facie case, the defendant may offer as an affirmative defense a nondiscriminatory explanation for the pay differential. Id. at 136. The plaintiff alleges that defendant Yale University (“Yale”) violated the EPA by paying a colleague, Stephen Zotto, more than her, beginning in August 1989. Yale does not dispute that Zotto was paid more than Jamilik at that time, but contends that Jamilik has not established a *150 prima facie case under the EPA because her job responsibilities were not equal to Zotto’s.
On more than one occasion this Court has indicated that questions regarding the equivalence of two positions pursuant to an EPA claim are best left to the trier of fact. See Lavin-McEleney v. Marist Coll., 239 F.3d 476, 480 (2d Cir.2001); Tomka v. Seiler, 66 F.3d 1295, 1311 (2d Cir.1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Jami-lik alleges, inter alia, that she and Zotto held the same grade, rank, and title at the time he was promoted in 1989. Although “[ajpplication of the equal pay standard is not dependent on job classifications or titles,” 29 C.F.R. § 1620.13(e), this Court has found that identity of rank can serve as evidence of equivalence, see Lavin-McEleney, 239 F.3d at 480. Jamilik also alleges that the two positions shared similar budgeting and payment responsibilities. Yale points to evidence indicating that the two positions are dissimilar, yet none of that evidence is relevant to the comparability of the positions in 1989, the moment at which the pay differential began.
This Court has previously determined that defendants face a heavy burden in establishing an affirmative defense to an EPA claim. See Ryduchowski v. Port Auth. of N.Y. and N.J., 203 F.3d 135, 143 (2d Cir.2000). Yale asserts that Zotto’s higher pay was due to his superior performance in his position. Again, however, none of the evidence Yale offers is relevant to the initial pay differential created in 1989.
We find that, drawing all inferences in the appellant’s favor, the parties’ submissions show that there are outstanding issues of fact with regard to both Jamilik’s prima facie case and Yale’s affirmative defense under the EPA, and the district court’s grant of summary judgment to Yale with respect to Jamilik’s federal equal pay claim was inappropriate. We agree with the court below, however, that Yale’s thorough investigation of Jamilik’s salary grievance was in good faith, and the alleged violation of the EPA was not willful; thus the EPA’s two-year statute of limitations applies. 29 U.S.C. § 255(a).
Jamilik also alleges that, by paying her less than Zotto, Yale discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a). We agree with the district court’s determination that Jamilik has failed to establish a prima facie case for discrimination under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).*** Yale’s explanations for the pay disparity are not inconsistent, and Jamilik does not present any other evidence to suggest that gender discrimination played a role in the adverse employment decision in question, as required to establish a prima facie case under Title VII. See Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir.2004). Furthermore, absent a discriminatory act the individual defendants cannot be subject to aiding and abetting liability under Conn. Gen.Stat. § 46a-60(a)(5). *151 See Cooke v. Prototype & Plastic Mold Co., 220 F.Supp.2d 104, 111 (D.Conn.2002).
Finally, Jamilik alleges that Yale retaliated against her in violation of Title VII, 42 U.S.C. § 2000e-3(a), and the Fan-Labor Standards Act, 29 U.S.C. § 215(a)(3). Given the temporal proximity between Jamilik’s April 2006 complaint and the disciplinary warnings that led to her dismissal, we find that she has alleged sufficient facts to infer a causal connection between her protected activities and the alleged adverse actions, the only element of her prima facie case materially in dispute. See Cifra v. G.E. Co., 252 F.3d 205, 217 (2d Cir.2001). In pointing to the exhaustive documentation regarding Jamilik’s allegedly poor performance and disciplinary issues, however, Yale has met its minimal burden in rebutting Jamilik’s prima facie showing of retaliation. As Jamilik has not raised a genuine issue of material fact as to whether Yale’s proffered explanation for the adverse employment actions are pretextual, we find that summary judgment on her retaliation claim was appropriate.
For the reasons set forth above, the judgment of the district court with respect to the appellant’s claim under the Equal Pay Act is hereby VACATED and REMANDED for further proceedings; the judgment of the district court is AFFIRMED in all other respects.

 Judge Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

 Though the second count of Jamilik's Second Amended Complaint alleges a violation of the Connecticut Equal Pay Act, Conn. Gen.Stat. § 31-75 (2009), Jamilik's brief offers no analysis of Yale's liability under its terms. Accordingly, this Court may consider the claim waived. See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 172 (2d Cir.2004).

 The third count of Jamilik's Second Amended Complaint alleged that Yale also violated the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen.Stat. § 46a-60(a)(l), though in her brief to this Court she does not clearly appeal the district court's dismissal of that claim. In any event, CFEPA claims are governed by the same standards applicable to Title VII claims, Kanios v. UST, Inc., No. 03-CV-00369, 2005 WL 3579161, at *6 n. 2 (D.Conn. Dec. 30, 2005), so Jamilik’s claims under the state statute also fail.